UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARA FORSMAN,

      **Plaintiff,**

  v.                                             Civil Action 2:22-cv-4415
                                                     **Judge Sarah D. Morrison**
                                                       **Magistrate Judge Chelsey M. Vascura**

CHAD SILVERSTEIN, *et al.*,

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Under Seal unredacted versions of certain documents in connection with summary judgment briefing. (ECF No. 48.) Plaintiff seeks to file various documents that Defendants Chad Silverstein and Choice Recovery, Inc., have designated "Confidential" under the parties' Stipulated Protective Order (ECF No. 22). Plaintiff "does not necessarily believe that the financial information of [Defendants] . . . is sensitive enough to be protected," but she seeks Court approval to file the documents under seal in compliance with the Stipulated Protective Order (Mot. 1, ECF No. 48). For the reasons that follow, Plaintiff's Motion is **DENIED**.

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723

F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. This is unsurprising, as Plaintiff does not assert an interest in keeping the documents at issue confidential. Rather, it is Defendants who asserts that interest, and it therefore is Defendants' burden to meet the *Shane Grp.* standard. The parties' Stipulated Protective Order anticipated this situation and provides:

> When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing.

(Stipulated Protective Order ¶ 8, ECF No. 22.) There is no indication that Plaintiff followed this procedure.

Therefore, Plaintiff's Motion (ECF No. 48) is **DENIED**. However, the Court will afford Defendants an opportunity to submit a properly supported motion for leave to file the documents in question under seal **WITHIN SEVEN DAYS** of the date of this Order. If Defendants do not

file a motion for leave to file the documents in question under seal within this timeframe, Plaintiff may file the unredacted versions of those documents on the public docket without further leave of Court. Defendants are further cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE